IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA ANN FREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No. 15-36J |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are cross Motions for Summary Judgment. (ECF Nos. 12 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 12) and granting Defendant's Motion for Summary Judgment. (ECF No. 14).

## I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for supplemental security income pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she had been disabled since May 2, 2007. (ECF Nos. 10-6, p. 7). Administrative Law Judge ("ALJ"), Marty R. Pillion, held a hearing on August 7, 2013. (ECF No. 10-3, pp. 18-49). On August 23, 2013, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 10-3, pp. 5-17). After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 12 and 14). The issues are now ripe for review.

**II.     LEGAL ANALYSIS**

    **A.     Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Residual Functional Capacity (RFC)[1]

Plaintiff submits that the ALJ erred in determining Plaintiff's RFC as it was not supported by substantial evidence. (ECF No. 13, pp. 14-19). In support of the same, Plaintiff raises two arguments. *Id.* First, Plaintiff argues that the ALJ's RFC "assessment failed to reconcile the opinion of the consultative examiner, Dr. Schmidt, with the medical evidence supporting a quantifiable limitation in concentration." (ECF No. 13, pp. 14-18). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . .

---

[1] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

> . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009). Additionally, I note that state agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)....").

In this case, the ALJ gave the opinions of the state agency medical non-examining consultant, Dr. Cannon, significant weight while giving the opinions of a consultative examiner, Dr. Schmidt, little weight. (ECF No. 10-3, pp. 14-15). Plaintiff argues that Dr. Schmidt's opinion should have been given greater consideration than that of Dr. Cannon because Dr. Schmidt was an examining consultant. (ECF No. 13, p. 16). To begin with, I note that neither doctor is a treating physician. Furthermore, as set forth above, in the event of conflicting opinions, the ALJ may choose whom to credit so long as it is supported by substantial evidence. I have reviewed the record and find the reasons given by the ALJ in weighing the opinions of Dr. Schmidt and Dr. Cannon to be appropriate and sufficiently explained. (ECF No. 10-3, pp. 10-16); 20 C.F.R. § 416.927, 404.1527 (discussing the evaluation of opinions). Moreover, I find the ALJ's opinion is supported by substantial evidence, including Plaintiff's limitation as it relates to her concentration. (ECF No. 10-3, pp. 10-16). Therefore, I find no error in this regard on the part of the ALJ. Consequently, remand is not warranted on this basis.

Second, Plaintiff argues that the ALJ failed to properly weigh the opinion of consultative physical therapist, Mr. Kinsinger, in accordance with the regulations. (ECF No. 13, pp. 18-19). In support thereof, however, Plaintiff merely concludes that the "RFC offered by Mr. Kinsinger differed significantly from the ALJ's determination, and therefore, it was plain error for the ALJ to disregard this probative evidence." *Id.* at p. 19. As I stated previously, the ALJ must weigh conflicting evidence and so long as the ALJ's determination is supported by substantial evidence, the determination will be affirmed. In this case, the ALJ properly weighed the opinion of Mr. Kinsinger.[2] (ECF No. 10-3, p. 15). I find the ALJ's determination in this regard to be appropriate and sufficiently explained. *Id;* 20 C.F.R. § 416.927 (discussing the evaluation of opinion evidence). Additionally, I find the ALJ's determination is supported by substantial evidence. (ECF No. 10-3, pp. 10-16). Therefore, I find no error on this basis.

**C.    Credibility**[3]

Plaintiff argues the ALJ erred in assessing her credibility. (ECF No. 13, pp. 19-20). An ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently

---

[2] I note that Mr. Kinsinger is a physical therapist. A physical therapist is not an acceptable medical source in assessing a claimant's disability and, thus, his opinion is not entitled to controlling weight. *Hartranft v. Apfel,* 181 F.3d 358, 361 (3d Cir. 1999); see also, 20 C.F.R. §416.913 (defining acceptable medical sources).

[3] Under the heading of credibility determinations, Plaintiff seems to argue that the ALJ erred in discounting the opinion of her treating chiropractor, Dr. King. (ECF No. 13, p. 19). As I stated previously, the ALJ must weigh conflicting evidence and so long as the ALJ's determination is supported by substantial evidence, the determination will be affirmed. In this case, the ALJ weighed the opinion of Dr. King. (ECF No. 10-3, p.15). I find the ALJ's determination in this regard to be appropriate and sufficiently explained. *Id;* 20 C.F.R. § 416.927 (discussing the evaluation of opinion evidence). Additionally, I find the ALJ's determination is supported by substantial evidence. (ECF No. 10-3, pp. 10-16). Therefore, I find no error on this basis.

specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In this case, Plaintiff suggests that the ALJ improperly discredits Plaintiff "largely on an inaccurate account of purported activities of daily living, such as engaging in light chores or ability to do personal hygiene." (ECF No. 13, p. 20). Both SSR 96-7p and 20 C.F.R. §416.929 deal with assessing the credibility of an individual's statements. Therein it states that, when assessing credibility, an ALJ is required to look at the entire record as a whole, including an individual's daily activities. After a review of the record, I find the ALJ's assessment of Plaintiff's activities of daily living to be supported by substantial evidence. (ECF No. 10-3, p. 14). Furthermore, I note that the ALJ in this case did not discredit Plaintiff based solely on her activities of daily living. Rather, the ALJ discredited Plaintiff for a variety of appropriate reasons. (ECF No. 10-3, pp. 11-14).

Finally, Plaintiff suggests that the ALJ "failed to consider that 'disability does not mean that a [Plaintiff] must vegetate in a dark room excluded from all forms of human and social activity.'" (ECF No. 13, p. 20). I agree with Plaintiff that to be disabled does not mean that he must be shut off from society. Nonetheless, an ALJ is required to review and determine the credibility of statements in deciding the intensity and persistence of symptoms. 20 C.F.R. §416.929. After my own review of the record, I find that the ALJ followed the proper method to determine the Plaintiff's credibility. As laid out in his decision, the ALJ considered the factors set forth above. (ECF No. 10-3, pp. 11-14). Based on the same, I find the ALJ properly evaluated Plaintiff's credibility as required by 20 C.F.R. § 416.929 and SSR 96-7p and based on the entire record as a whole there

was sufficient evidence to support the ALJ's conclusion.   Consequently, I find the ALJ's opinion was supported by substantial evidence. Therefore, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LINDA ANN FREY,            )
                           )
         Plaintiff,        )
                           )
    -vs-                   )           Civil Action No.   15-36J
                           )
CAROLYN W. COLVIN,         )
COMMISSIONER OF SOCIAL SECURITY, )
                           )
         Defendant.        )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 6th day of October, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 12) is denied and Defendant's Motion for Summary Judgment (Docket No. 14) is granted.

                                         BY THE COURT:

                                         s/   Donetta W. Ambrose
                                         Donetta W. Ambrose
                                         United States Senior District Judge